Citation Nr: 1229621 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 11-25 803 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico



THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim for entitlement to Dependency and Indemnity Compensation (DIC) based on service connection for the cause of the Veteran's death. 

2. Whether new and material evidence has been submitted to reopen a claim for entitlement to DIC under 38 U.S.C.A. § 1318 (West 2002).



REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Bordewyk, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1943 to December 1945. He died in October 1994. The appellant is his widow. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 and September 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico, which, in pertinent part, found that new and material evidence had not been submitted to reopen the claim for entitlement to service connection for cause of the Veteran's death and DIC under 38 U.S.C.A. § 1318.

The appellant provided testimony before during a hearing before the undersigned at the RO in July 2012. A transcript is of record. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In June 2009, the appellant submitted an authorization for VA to obtain relevant records of the Veteran's treatment by Dr. Harrison William from 1992 to 1994. The claims file, including Virtual VA, does not show that these records have been requested or obtained. 

VA has a duty to obtain relevant records of private treatment. 38 U.S.C.A. 
§ 5103A(b) (West 2002); 38 C.F.R. § 3.159 (2011).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). Expedited handling is requested.)

1. Ask the appellant to complete an authorization for VA to obtain records of the Veteran's treatment from Dr. Harrison William from 1992 to 1994. 

If the appellant fails to provide any necessary releases, she should be informed that she may submit the evidence herself. 

She should be informed of any records that cannot be obtained, of the efforts made to obtain the records, and of any additional actions that will be undertaken.

2. If any benefit for which there is a perfected appeal remains denied, issue a supplemental statement of the case. The appeals should then be returned to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2011).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).